1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                     FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   KEVIN ARTHER CLEVELAND,                    No.  2:14-cv-1528 JAM AC P
12                  Petitioner,
13        v.                                    FINDINGS & RECOMMENDATIONS
14   RONALD SCOTT OWENS,
15                  Respondents.
16
17        Petitioner, a former state prisoner proceeding pro se, has filed a petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Pending before the court is

19   respondent's motion to dismiss on the grounds that petitioner is no longer in custody, the petition

20   was filed outside the one-year statute of limitations, and Ground Two of the petition should be

21   dismissed because it fails to state a cognizable federal claim.  ECF No. 9.  Petitioner has

22   responded to the motion (ECF No. 13) and respondent has replied (ECF No. 14).

23        I.      Factual and Procedural Background

24        Petitioner pled no contest to two counts of possession of child pornography with a prior

25   offense.  ECF No. 1 at 1; Lodged Doc. No. 1.  On November 6, 2007, imposition of petitioner's

26   state prison sentence was suspended and he was granted five years formal probation.  Lodged

27   Doc. No. 1.  On March 25, 2011, probation was terminated and petitioner was sentenced to two

28   years in state prison.  Lodged Doc. No. 2.  The paperwork indicates that petitioner's sentence was

                                            1

1  a paper commitment only and that he was to report to the parole office.  Id. at 1.  On May 25,

2  2011, the abstract of judgment was amended to correct a clerical error.  Lodged Doc. No. 3.

3  Petitioner was discharged from the custody of the California Department of Corrections and

4  Rehabilitation on June 28, 2014.  Lodged Doc. No. 10.

5       A.     Direct Review

6       Petitioner did not appeal the judgment.  ECF No. 1 at 6; ECF No. 9 at 2.

7       B.     State Collateral Review

8       1. Sacramento County Superior Court Case No. 14HC00075

9       On February 4, 2014,[1] petitioner filed a petition for writ of habeas corpus in the

10  Sacramento County Superior Court and it was assigned case number 14HC00075.  Lodged Doc.

11  No. 12 at 1.  Though respondent has not provided a copy of the petition, the order denying the

12  petition indicates that the petition related to the circumstances surrounding petitioner's parole

13  violation and the conditions of his parole, rather than the underlying conviction.  Id. at 2.  The

14  petition was denied on March 14, 2014.  Id.

15       The docket for case 14HC00075 indicates that petitioner filed three other cases in the

16  Sacramento County Superior Court that were related to his habeas petition.  Id. at 1.  Respondent

17  has not provided any information on these cases, but the docket reflects that the earliest filed of

18  the three cases was initiated on May 24, 2013.  Id.

19       2. California Court of Appeal Case No. C075961

20       On March 12, 2014,[2] petitioner filed a petition for writ of habeas corpus in the California

---

[1]  Based on the information provided in another of petitioner's state court petitions, he was in physical custody for a parole violation from January 15, 2014, until March 1, 2014.  Lodged Doc. No. 13 at 5-6.  This means petitioner would be entitled to the benefit of the prison mailbox rule. See Houston v. Lack, 487 U.S. 266, 276 (1988).  However, since the petition has not been provided, the filing date reflects the date the petition was filed by the court, but the court notes that petitioner's first state appellate court petition states he filed a habeas petition in the Sacramento County Superior Court on January 22, 2014.  Lodged Doc. No. 4 at 18.

[2]  Plaintiff's state court petitions indicate that he was returned to physical custody immediately after filing the petition on March 12, 2014.  Lodged Doc. No. 13 at 7.  Since it is not clear how long petitioner remained in custody after that, the court will assume that petitioner was in physical custody until June 28, 2014, when he was discharged (Lodged Doc. No. 10), and is entitled to application of the prison mailbox rule through that date.

Court of Appeal, Third Appellate District and it was assigned case number C075961.  Lodged Doc. No. 4.  The petition challenged his underlying conviction, the circumstances surrounding his parole violation, and his parole conditions (id.) and was denied March 14, 2014 (Lodged Doc. No. 5).

### 3. California Court of Appeal Case No. C075964

The website of the California Court of Appeals, Third Appellate District, indicates that petitioner filed a second petition on March 12, 2014, and that it was assigned case number C075964.[3]  This petition has not been provided by respondent.  The docket indicates that it was filed as a petition for writ of mandate, but the notes for the order denying the petition on March 14, 2014, identify it as a petition for writ of habeas corpus.[4]

### 4. California Supreme Court Case No. S217599

On March 22, 2014, petitioner filed a petition for writ of habeas corpus in the California Supreme Court and it was assigned case number S217599.  Lodged Doc. No. 6.  The petition challenged his underlying conviction, the circumstances surrounding petitioner's parole violation, and conditions of parole (id.) and was denied June 11, 2014 (Lodged Doc. No. 7).

### 5. California Court of Appeal Case No. C076399

On April 3, 2014,[5] petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District and it was assigned case number C076399.  Lodged Doc. No. 15.  The petition appears to be appealing the denial of the petition filed in the Sacramento County Superior Court, case number 14HC00075, and seeking discovery to enable petitioner to challenge his conviction.  Id.  It was denied May 8, 2014.  Lodged Doc. No. 16.

---

[3]  This court may take judicial notice of the records of other courts.  See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (citing United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980)); see also Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[4]  Docket for case number C075964 available at:
http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=3&doc_id=2071273&doc_no=C075964

[5]  The front page of the petition indicates it was originally received April 25, 2014, and returned because it did not have a verification.  Lodged Doc. 15 at 1.  It was ultimately filed by the court on May 6, 2014.  Id.

1          6. California Court of Appeal Case No. C076398

2          On April 7, 2014,[6] petitioner filed a petition for writ of habeas corpus in the California

3    Court of Appeal, Third Appellate District, and it was assigned case number C076398.  Lodged

4    Doc. No. 13.  The petition challenged the circumstances surrounding petitioner's parole violation

5    and his parole conditions (id.), and was denied May 8, 2014 (Lodged Doc. No. 14).

6          7. California Supreme Court Case No. S218079

7          On April 22, 2014, petitioner filed another petition for writ of habeas corpus in the

8    California Supreme Court and it was assigned case number S218079.  Lodged Doc. No. 8.  The

9    petition challenged the circumstances surrounding petitioner's parole violation, his conditions of

10   parole, and length of parole (id.) and was denied June 11, 2014 (Lodged Doc. No. 9).

11        C.      The Federal Petition

12        On June 27, 2014, petitioner, proceeding pro se, filed the instant federal petition.  ECF

13   No. 1.

14   II.     Motion to Dismiss

15        Respondent moves to dismiss the instant petition on the grounds that it is moot, this court

16   lacks jurisdiction, and the petition is untimely.  ECF No. 9 at 3-9.  He argues that the petition is

17   moot and this court lacks jurisdiction because petitioner has been released from custody.  Id. at 3-

18   7.  He further argues that the petition is untimely because petitioner's judgment became final on

19   January 5, 2008, the last day to file his federal habeas petition was January 5, 2009, and petitioner

20   is not entitled to any statutory tolling.  Id. at 8-9.  Respondent also argues that Ground Two

21   should be dismissed because it fails to state a cognizable claim.  Id. at 9-10.

22   III.    Opposition

23        Petitioner argues that his petition is not moot because he is still being punished even

24   though he is no longer in custody.  He also argues that he does not believe that there is a statute of

25   limitations for bringing a habeas petition as long as he is in some form of custody because the law

26

---

27   [6]  The front page of the petition indicates it was originally received April 25, 2014, and returned
     because it did not have a verification.  Lodged Doc. 13 at 1.  It was ultimately filed by the court
28   on May 6, 2014.  Id.

4

1    says a petition must be brought in "a reasonable amount of time."  ECF No. 13 at 2.  He also

2    argues that he was making vigorous efforts to appeal his case but that county officials prevented

3    him from filing habeas petitions while he was in jail.  Id.  Finally, he argues that his petition

4    should not be dismissed because it states reasonable claims.  Id.

5        IV.    Reply

6        Respondent replies that the limitations petitioner is currently experiencing are insufficient

7    to satisfy the in custody requirement for a habeas case and the court is therefore without

8    jurisdiction.  ECF No. 14 at 3-4.  He also argues that petitioner's argument that there is no statute

9    of limitations is meritless, and that to the extent petitioner is attempting to make a claim for

10   equitable tolling, he fails.  Id. at 4.  Finally, he asserts that petitioner has not disputed his claim

11   that Ground Two fails to state a claim because petitioner's arguments dealt with his ineffective

12   assistance of counsel claims, which did not constitute Ground Two of the petition.  Id. at 5.

13       V.    Case in Controversy

14       The petition in this case was filed on June 27, 2014 (ECF No. 1), and petitioner was

15   discharged from custody the next day (Lodged Doc. No. 10).  Respondent argues that because

16   custody has ended, there is no longer a case in controversy rendering the case moot and depriving

17   the court of jurisdiction.  ECF No. 9 at 3-7.

18       28 U.S.C. § 2254(a) provides that "a district court shall entertain an application for a writ

19   of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only

20   on the ground that he is *in custody* in violation of the Constitution. . ." (emphasis added).  The

21   statute's first reference to custody establishes a jurisdictional requirement.  Bailey v. Hill, 599

22   F.3d 976, 979 (9th Cir. 2010).  However, the jurisdictional requirement is met where the

23   petitioner is in custody at the time the petition is filed; custody need not continue for the court to

24   retain jurisdiction.

25           The petitioner must be in custody at the time that the petition is
             filed, see Carafas v. LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 20
26           L.Ed.2d 554 (1968), but the petitioner's "subsequent release from
             custody does not itself deprive the federal habeas court of its
27           statutory jurisdiction."  Tyars v. Finner, 709 F.2d 1274, 1279 (9th

28

5

1
2
    Cir. 1983). Physical custody is not indispensable to confer jurisdiction.

3 Id. "[O]nce the federal jurisdiction has attached in the District Court, it is not defeated by the

4 release of the petitioner prior to completion of proceedings on such application.'" Carafas, 391

5 U.S. at 238.  A prisoner who is on parole is still considered to be "in custody." Maleng v. Cook,

6 490 U.S. 488, 491 (1989).  Petitioner filed his case the day before he was discharged from

7 custody, and respondent concedes that petitioner was in custody at the time he filed the petition.

8 ECF No. 9 at 6.  This court therefore retains jurisdiction.

9    Respondent's arguments related to the statute's second use of "in custody" are off point.

10 Section 2254(a) states in relevant part that a petition for habeas corpus can be brought "only on

11 the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the

12 United States."  While the first "in custody" relates to petitioner's status at the time of filing the

13 petitioner, this second "in custody" describes the nature of the claim petitioner can bring.

14 Petitioner meets that standard as the petition challenges the underlying conviction on several

15 constitutional grounds.[7]  If petitioner's claims are found to be true, the state's custody of him

16 would have been in violation of his constitutional rights.  In this case, the fact that petitioner is no

17 longer in that custody is irrelevant to jurisdiction, as the courts have very clearly held that a

18 petitioner only has to be "in custody" at the time he brings his petition.

19    The fact that petitioner is no longer in custody also does not render the case moot.  A

20 habeas petition "is moot only if it is shown that there is no possibility that any collateral legal

21 consequences will be imposed on the basis of the challenged conviction." Sibron v. New York,

22 392 U.S. 40, 57 (1968).  "A habeas petition challenging the *underlying conviction* is never moot

23 simply because, subsequent to its filing, the petitioner has been released from custody." Chacon

24 v. Wood, 36 F.3d 1459, 1463 (9th Cir. 1994) (emphasis added), overruled on other grounds, 28

25 U.S.C. § 2253(c).  The Ninth Circuit has held that it is an "irrebuttable" presumption that

26

27 [7] Petitioner's claims in his response to the motion to dismiss regarding the collateral
consequences of his conviction (ECF No. 13) do not impact the jurisdictional analysis because
28 they are not the basis of his petition.

1    "'collateral consequences flow from *any* criminal conviction.'" Id. (quoting Hirabayashi v. U.S.,

2    828 F.2d 591, 605-06 (9th Cir. 1987) (adding emphasis)).  Petitioner is clearly challenging the

3    underlying conviction, and the collateral consequences doctrine prevents the petition from being

4    moot.  Id.; Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005).

5           Respondent, citing to Douglas v. Jacquez, 626 F.3d 501 (9th Cir. 2010), argues that the

6    relief the court can provide is limited to release from custody.  ECF No. 9 at 5.  But this argument

7    overlooks how the court effects that relief.  Petitioner does not seek to have the court relieve him

8    of the collateral consequences of his conviction, as respondent indicates in his reply (ECF No. 14

9    at 4), though such relief would flow from the relief petitioner is seeking.  Petitioner seeks to have

10   his conviction overturned (ECF No. 1 at 15), which is within the power of the court.  In Douglas,

11   on which respondent relies, the Ninth Circuit found the district court had exceeded its authority

12   because it ordered the state court to modify the judgment to reflect conviction of a lesser offense.

13   626 F.3d at 505.  The Ninth Circuit held that the proper remedy was to issue a conditional writ of

14   habeas corpus that ordered the conviction vacated only if the state did not re-sentence petitioner

15   within a reasonable amount of time.  Id.  The authority presented by respondent demonstrates

16   that, if petitioner's claims are found to be true, this court has authority to order his conviction

17   vacated.

18          Because (1) petitioner was in custody when he filed his petition and (2) he is challenging

19   his underlying conviction, not just the collateral consequences of the conviction, respondent's

20   motion to dismiss on the grounds that the case is moot and the court lacks jurisdiction must be

21   denied.

22       VI.    Statute of Limitations

23          In his opposition to the motion to dismiss, petitioner argues that he believed that as long

24   as he was in some form of custody, he only had to bring his petition within "a reasonable amount

25   of time."  ECF No. 13 at 2.  It appears that petitioner may have been referring to the California

26   rules regarding the time to seek review by a higher court within the state court system.  See

27   Waldrip v. Hall, 548 F.3d 729, 734 (2008).  This is not the standard for federal petitions.

28          Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of

1   limitations for filing a habeas petition in federal court.  This statute of limitations applies to

2   habeas petitions filed after April 24, 1996, when the Antiterrorism and Effective Death Penalty

3   Act (AEDPA) went into effect.  Cassett v. Stewart, 406 F.3d 614, 625 (9th Cir. 2005).  The one-

4   year clock commences from one of several alternative triggering dates.  See 28 U.S.C. §

5   2244(d)(1).  In this case the applicable date is that "on which the judgment became final by the

6   conclusion of direct review or the expiration of the time for seeking such review."  §

7   2244(d)(1)(A).

8          In this case, petitioner was granted five years of probation and imposition of his sentence

9   was suspended on November 6, 2007.  Lodged Doc. No. 1.  On March 25, 2011, probation was

10  terminated and petitioner was sentenced to two years in state prison.  Lodged Doc. No. 2.

11  Respondent argues that judgment became final on January 5, 2008, sixty days after petitioner was

12  granted five years of probation.  ECF No. 9 at 8; see also Cal. R. Ct. 8.308(a) (defendant has sixty

13  days to file an appeal after judgment is entered).

14         In California, when a court grants probation, it can (1) suspend the imposition of a

15  sentence or (2) impose a sentence while suspending execution of it during the pendency of

16  probation.  See People v. Howard, 16 Cal. 4th 1081, 1084 (Cal. 1997) (citing Cal. Pen. Code §

17  1203.1(a)).  Therefore, when the court suspended imposition of petitioner's sentence, no

18  judgment of conviction was rendered.  Id. at 1087; People v. Arguello, 59 Cal. 2d 475, 476 (Cal.

19  1963).  However, "[t]he order granting probation was, itself, an appealable order (Pen. Code, s

20  1237), and on such an appeal all matters going to the validity of the conviction could have been

21  raised.  Since they were not raised then, they cannot be raised on a later appeal from the final

22  judgment."  People v. Wright, 275 Cal. App. 2d 738, 739 (Cal. App. 1969) (citations omitted);

23  People v. Chavez, 243 Cal. App. 2d 761, 763 (Cal. App. 1966); Cal. Pen. Code § 1237.

24         Generally, a defendant may appeal a subsequent order revoking probation and

25  implementing sentencing, but "the matters arising prior to pronouncement of judgment cannot

26  thereby be reviewed."  People v. Glasser, 238 Cal. App. 2d 819, 821 (Cal. App. 1965),

27  disapproved on other grounds by People v. Barnum, 29 Cal. 4th 1210, 1218-19, 1226 (Cal. 2003).

28  But even when a defendant fails to appeal after the initial grant of probation, the court still has an

8

1    "obligation to consider those alleged errors which may be raised at any time because they involve

2    violations of fundamental constitutional rights." Id. at 824.

3         Under the general rule, petitioner's judgment became final on January 7, 2008,[8] sixty days

4    after the order granting probation, and the statute of limitations expired one year later on January

5    7, 2009.  Assuming, without deciding, that petitioner could have alleged facts involving

6    fundamental constitutional rights, such that they would have been reviewable on an appeal from

7    the order revoking probation, judgment became final on May 24, 2011, and the statute of

8    limitations expired on May 24, 2012.  The instant petition was filed on June 27, 2014, ECF No. 1,

9    more than two years later.  Accordingly, whether the limitations period is calculated from the

10   grant of probation or from its revocation, the petition is untimely absent statutory or equitable

11   tolling.

12        A.    Statutory Tolling

13        Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

14   application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

15   § 2244(d)(2).  Since petitioner did not file any applications for state post-conviction or other

16   collateral review until more than a year after his judgment became final (see supra Section I), he

17   is not entitled to statutory tolling.  State habeas petitions filed after the one-year statute of

18   limitations has expired do not revive the statute of limitations and have no tolling effect.  See

19   Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482

20   (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000) (petitioner is not entitled to

21   tolling where the limitations period has already run).

22        B.    Equitable Tolling

23        A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of

24   limitations only if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and

25   (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland

26   v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005);

27

28   _____
     [8]  January 5, 2008, fell on a Saturday.  Cal. R. Ct. 8.60(a); Cal. Code Civ. P. § 12a.

1  Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).  "[T]he statute-of-limitations clock stops

2  running when extraordinary circumstances first arise, but the clock resumes running once the

3  extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable

4  diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing

5  Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014).  An "extraordinary circumstance" has

6  been defined as an external force that is beyond the inmate's control.  Miles v. Prunty, 187 F.3d

7  1104, 1107 (9th Cir. 1999).  "The diligence required for equitable tolling purposes is 'reasonable

8  diligence,' not 'maximum feasible diligence.'"  Holland, 560 U.S. at 653 (internal citations and

9  additional quotation marks omitted); see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).

10      A showing of actual innocence can also satisfy the requirements for equitable tolling.  Lee

11  v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc); McQuiggin v. Perkins, 133 S. Ct. 1924,

12  1928 (2013).  "[W]here an otherwise time-barred habeas petitioner demonstrates that it is more

13  likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt,

14  the petitioner may pass through the Schlup [v. Delo, 513 U.S. 298 (1995),][9] gateway and have his

15  constitutional claims heard on the merits."  Lee, 653 F.3d at 937; accord, McQuiggin, 133 S.Ct. at

16  1928.

17      Petitioner alleges that he made "a vigorous effort to appeal to a higher court" but that

18  while he was in jail, county officials prevented him from filing a petition.  ECF No. 13 at 2.  He

19  also mentions that he believes that there is evidence of his attempts to file a petition shortly after

20  his conviction in 2007.  Id. at 3.  To the extent petitioner is attempting to make an argument for

21  equitable tolling, it is insufficient.  Although interference by jail officials could potentially

22  constitute an extraordinary circumstance, petitioner has failed to establish either the scope of the

23  interference, or that he was diligent in his efforts to pursue litigation.  Petitioner's own sworn,

24  state habeas petition establishes that he was on parole from March 25, 2011, to January 10, 2014,

25  and therefore not in physical custody during that time (Lodged Doc. No. 13 at 3), and petitioner

26

27  [9]  In Schlup, the Supreme Court announced that a showing of actual innocence could excuse a
   procedural default and permit a federal habeas court to reach the merits of otherwise barred

28  claims for post-conviction relief.

1   offers no explanation for his failure to file a habeas petition during that time.  Nearly three years

2   of inactivity cannot be said to constitute diligent pursuit.  Sanchez v. Yates, 503 F. App'x 520,

3   523 (9th Cir. 2013) (petitioner did not demonstrate diligence when he waited until ten months

4   after impediment was removed to file federal habeas petition); Pace, 544 U.S. at 419 (petitioner

5   not diligent when he waited years to file state petition for post-conviction relief and another five

6   months to pursue federal relief after state petition was decided); McQuiggin, 133 S. Ct. at 1931

7   (petitioner did not qualify for equitable tolling after waiting nearly six years to seek federal post-

8   conviction relief).  Nor does petitioner's ignorance of the statute of limitations entitle him to

9   equitable tolling.  Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's

10  lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable

11  tolling").

12       To the extent the petition makes a claim of actual innocence that could potentially entitle

13  petitioner to equitable tolling, a petitioner claiming actual innocence must satisfy the Schlup

14  standard by demonstrating "'that it is more likely than not that no reasonable juror would have

15  convicted him in the light of the new evidence.'"  Lee, 653 at 938 (quoting Schlup, 513 U.S. at

16  327).  Actual innocence in the miscarriage of justice context "means factual innocence, not mere

17  legal insufficiency."  Bousley v. United States, 523 U.S. 614, 623-24 (1998); Sawyer v. Whitley,

18  505 U.S. 333, 339 (1992) (citing Smith v. Murray, 477 U.S. 527 (1986)); Jaramillo v. Stewart,

19  340 F.3d 877, 882-83 (9th Cir. 2003) (accord).

20       While the standard is exacting, permitting review only in an "extraordinary" case,

21  "absolute certainty" as to a petitioner's guilt or innocence is not required.  House v. Bell, 547

22  U.S. 518, 538 (2006).  To make a credible claim of actual innocence, petitioner must produce

23  "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness

24  accounts, or critical physical evidence—that was not presented at trial."  Schlup, 513 U.S. at 324.

25  The habeas court then considers all the evidence: old and new, incriminating and exculpatory,

26  admissible at trial or not.  House, 547 U.S. at 538.  On this complete record, the court makes a

27  "'probabilistic determination about what reasonable, properly instructed jurors would do.'"  Id.

28  (quoting Schlup, 513 U.S. at 329).

1       Petitioner has not provided any new evidence in support of his actual innocence claims

2  and without new evidence, the actual innocence exception does not apply.  <u>Schlup</u>, 513 U.S. at

3  327.

4      VII.   <u>Conclusion</u>

5       Since the petition is untimely, the court declines to address whether Ground Two of the

6  petition states a claim for relief.  The petition should be dismissed because it was filed beyond the

7  one-year statute of limitations.

8      VIII.   <u>Certificate of Appealability</u>

9       Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must

10  issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A

11  certificate of appealability may issue only "if the applicant has made a substantial showing of the

12  denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons set forth in these

13  findings and recommendations, a substantial showing of the denial of a constitutional right has

14  not been made in this case.  Therefore, no certificate of appealability should issue.

15       Accordingly, IT IS HEREBY RECOMMENDED that:

16       1.  Respondent's motion to dismiss (ECF No. 9) be granted and petitioner's application

17  for a writ of habeas corpus be denied as untimely.

18       2.  This court decline to issue the certificate of appealability referenced in 28 U.S.C. §

19  2253.

20       These findings and recommendations are submitted to the United States District Judge

21  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

22  after being served with these findings and recommendations, any party may file written

23  objections with the court and serve a copy on all parties.  Such a document should be captioned

24  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

25  objections shall be filed and served within fourteen days after service of the objections.  The

26  parties are advised that failure to file objections within the specified time may waive the right to

27  ////

28  ////

1    appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2    DATED: September 21, 2015

3

4                                     ALLISON CLAIRE
                                    UNITED STATES MAGISTRATE JUDGE

13